UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BENJAMIN SAMUEL RICH, *formerly known* :
*as* SAMUEL GUILLAUME,
:
            Plaintiff,                    SCHEDULING ORDER
:
  -against-                            21 Civ. 3835 (AT) (GWG)
:
STATE OF NEW YORK, et al.,
:
            Defendants.
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Regarding the pro se plaintiff's application for the Court to request counsel dated December 20, 2023, the application is denied. Applying the factors set forth in Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989), the Court denies the request on the ground that the application together with the other papers filed in this action do not at this time demonstrate that plaintiff's claim is likely to be of sufficient substance to warrant seeking volunteer counsel in light of the extremely limited number of volunteer counsel available to the Court. In addition, the case is not of such a character that plaintiff will be unable to address relevant facts or deal with other issues that may be expected to be raised. The Court will seek the appointment of counsel without further request by plaintiff if future review of this matter demonstrates that the appointment of counsel is warranted.

      Regarding the discovery schedule, the parties have been given an opportunity to address the Court with respect to the matters contained in this order in accordance with Rule 16(b) of the Federal Rules of Civil Procedure. Given the Court's ruling above denying plaintiff's motion to appoint counsel, the expansive deadlines in plaintiff's proposed schedule are not appropriate.

      The Court denies plaintiff's request to have Ms. Lyons appear on his behalf given that she is apparently not an attorney and the representation of a party by a non-attorney is prohibited. Thus, plaintiff himself must appear before the court for any future proceedings.

      Plaintiff previously stated that he wishes to have his mail sent to the address where Ms. Lyons is located (159 Clifford Street, Unit 2, Newark, New Jersey 07105), and his latest letter repeats this request notwithstanding the fact that he is incarcerated in Pennsylvania. See Transcript of Conference held on May 19, 2023 (Docket # 117) at 17-18; Proposed Discovery Schedule, filed Dec. 29, 2023 (Docket # 137). If now or in the future plaintiff prefers that his mail be sent to his place of incarceration or another address, he must file a letter with the Court so stating.

The following discovery schedule is hereby ORDERED:

1. All requests for documents and interrogatories shall be sent to the opposing party by February 16, 2024.

2. All discovery shall be commenced in time to be completed by June 14, 2024.[1]

3. The parties shall write to the Court as soon as they are prepared to engage in mediation.

4. Any motion for summary judgment is returnable before Judge Torres, shall comply with her Individual Practices in Pro Se Cases, and shall be filed by July 15, 2024.

5. If no party files a motion for summary judgment, the parties shall file the "Trial Documents" required by Judge Torres's Individual Practices in Pro Se Cases (Section V.) by August 14, 2024.

6. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery.  Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices.  Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application.  The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order.  'Good cause' as used in this paragraph does not include circumstances within the control of counsel or the party.  Any application not in compliance with this paragraph will be denied.  Failure to comply with the terms of this Order may also result in sanctions.

7. All applications to the Court must comply with this Court's Individual Practices, which are available through the Clerk's Office or at: www.nysd.uscourts.gov/judges.htm

8. Discovery motions — that is, any application pursuant to Rules 26 through 37 or 45 — not only must comply with ¶ 2.A. of the Court's Individual Practices but also must be made promptly after the cause for such a motion arises.  In addition, absent extraordinary circumstances no such application will be considered if made later than 30 days prior to the close of discovery.  Untimely applications will be denied.

9. Please be aware that the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York ((212) 805-0175) may be of assistance in connection with court procedures.  Also, plaintiff may wish to seek assistance from the New York Legal Assistance clinic at (212) 659-6190.

---

[1] If a party engages an expert to testify at trial, that party may make an application by May 31, 2024, to extend the discovery deadline in order to make the expert disclosures (and to allow for a period for disclosures relating to a rebuttal expert) required by Fed. R. Civ. P. 26(a)(2).

SO ORDERED.

Dated: January 11, 2024
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge