UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
BENJAMIN SAMUEL RICH
                                                                 :        ORDER
                              Plaintiff,                          :        21  Civ.  3835 (AT) (GWG)
                                                                 :
            -v.-                                                  :
                                                                 :
STATE OF NEW YORK et al.,                                         :
                                                                 :
                              Defendants.                         :
-----------------------------------------------------------------X
GABRIEL W. GORENSTEIN, United States Magistrate Judge

        The pro se plaintiff in this matter has made an application for the Court to request counsel
(see Docket # 147).  Applying the factors set forth in Cooper v. A. Sargenti Co., 877 F.2d 170
(2d Cir. 1989), the Court denies the request on the ground that the application together with the
other papers filed in this action do not at this time demonstrate that plaintiff's claim is likely to
be of sufficient substance to warrant seeking volunteer counsel in light of the extremely limited
number of volunteer counsel available to the Court.  In addition, the case is not of such a
character that plaintiff will be unable to address relevant facts or deal with other issues that may
be expected to be raised.  The Court notes that attorney's fees are available for claims such as
plaintiff's, thus providing readily available counsel in meritorious cases.  The Court will seek the
appointment of counsel without further request by plaintiff if future review of this matter
demonstrates that the appointment of counsel is warranted.

        Additionally, the Court notes two matters for the plaintiff's benefit.  First, there is no
requirement in federal practice that any document be "notarized."  28 U.S.C. § 1746 provides
that any statement may be sworn by signing a document that includes above the signature the
following language: "I declare under penalty of perjury that the foregoing is true and correct.
Executed on (date)."  No notarization is required.  Second, if there is justification for extending
the discovery period, plaintiff is free to make an application under Fed. R. Civ. P. 6(b) showing
good cause for such an extension.  If possible, plaintiff should consult with defendants' counsel
to obtain their position on the request.

        Finally, the plaintiff has previously requested that all mail be sent to him at the residential
address listed on the docket sheet in Newark, New Jersey, notwithstanding his incarceration.
Plaintiff is reminded that if he wishes the Court to use a different address at any time, it is his
responsibility to file with the Court a notice of change of address.

SO ORDERED.

Dated: September 4, 2024
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge