UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
BENJAMIN SAMUEL RICH
:  ORDER
               Plaintiff,     21 Civ. 3835 (AT) (GWG)
:
  -v.-
:
STATE OF NEW YORK et al.,  :

:
               Defendants.
-----------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

     At time same time plaintiff filed his opposition to defendants' motion for summary judgment, plaintiff filed a motion to compel discovery (Docket # 165) seeking to obtain a host of documents from defendants. The application does not state that he ever served the requests for documents on the defendants before the filing of the motion. Also, plaintiff did not comply with the Court's Individual Practices by seeking permission to file the motion and does not state that he has conferred with defendants before filing the motion.

     Putting these points to one side, the motion is denied. The Court explicitly warned the parties that any dispute regarding discovery had to be presented promptly after the dispute arose and at least 30 days prior to the close of all discovery. Specifically, on August 4, 2022, the Court issued an order stating:

> All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices.

Scheduling Order, dated August 4, 2022 (Docket # 85) ("August 4, 2022, Order"), at 1. The Court's Order further stated:

> Discovery motions -- that is, any application pursuant to Rules 26 through 37 or 45 -- not only must comply with ¶ 2.A. of the Court's Individual Practices but also must be made promptly after the cause for such a motion arises. <u>In addition, absent extraordinary circumstances no such application will be considered if made later than 30 days prior to the close of discovery. Untimely applications will be denied</u>.

<u>Id.</u> at 2 (emphasis added). The requirement that any discovery dispute be brought to the Court's

attention before discovery concluded is consistent with case law holding that "[a] party ordinarily must file a motion to compel before the close of discovery and if it fails to do so, the motion will be deemed untimely." Owen v. No Parking Today, Inc., 280 F.R.D. 106, 112 (S.D.N.Y. 2011); accord Saray Dokum v. MTS Logistics Inc., 335 F.R.D. 50, 53 (S.D.N.Y. 2020).

The original Scheduling Order set the discovery cutoff for December 1, 2022. See August 4, 2022, Order at 1. Discovery was later stayed pending a dispositive motion filed by defendants, see Memorandum Endorsed, dated December 1, 2022 (Docket # 92), and the stay was vacated on December 5, 2023, see Order, dated December 5, 2023 (Docket # 133). On January 11, 2024, the Court issued a new scheduling order with a discovery cutoff date of June 14, 2024. See Scheduling Order, dated January 11, 2024 (Docket # 140). The January 11 scheduling order repeated the two above-quoted paragraphs verbatim. See id. at 2. The discovery deadline was eventually extended to December 4, 2024   See Memorandum Endorsed, dated November 1, 2024 (Docket # 155) ("November 1, 2024, Order").  The plaintiff's motion to compel comes more than two months after the end of discovery and in the midst of briefing of defendants' summary judgment motion.

At no time until the filing of the motion did plaintiff bring any dispute regarding these documents — or indeed any dispute regarding discovery — to the Court.  In fact, plaintiff at one point opposed defendants' request to extend the discovery deadline by stating that defendants' attempt to obtain the extension represented "yet another attempt to delay this case unnecessarily, which is prejudicial to the Plaintiff, who seeks a timely resolution." See Plaintiff's Opposition to Defendant's Motion to Compel, Deposition and for Extension of Discovery Deadline, dated October 25, 2024 (Docket # 156), at * 2. The plaintiff added: "Further discovery at this stage would not serve the interests of justice." Id. (emphasis added). Plaintiff emphasized this point by stating: "Plaintiff is ready to proceed to trial and should not be subjected to further delays." Id. at *3 (emphasis added). Shortly after plaintiff made these representations, the Court issued its order extending the discovery deadline to December 4, 2024. See November 1, 2024, Order.

The purported discovery dispute was raised long after the discovery deadline in contravention of the Court's explicit Order.  Thus, the purported discovery dispute was not raised in a timely fashion with the Court.  Restarting the discovery period would cause unnecessary delay and upend the summary judgment briefing.  Plaintiff has already represented to the Court that he is "ready to proceed to trial."  Accordingly, plaintiff's application to compel (Docket # 165) is denied

SO ORDERED.

Dated: March 3, 2025
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge